IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROBERT ALLEN BITTINGER,** | : | |
| Petitioner | : | |
| | : | No. 1:20-cv-521 |
| v. | : | |
| | : | (Judge Rambo) |
| **THERESA DELBALSO,** | : | |
| Respondent | : | |

# MEMORANDUM

Presently before the court is *pro se* Petitioner Robert Allen Bittinger ("Bittinger")'s petition for writ of habeas corpus. For the reasons that follow, the petition will be denied with prejudice.

## I. Background and Procedural History

The Pennsylvania Superior Court has succinctly summarized much of the relevant factual background and procedural history. *See Commonwealth v. Bittinger*, 178 A.3d 194 (Pa. Super. Ct. 2017). On March 13, 1985, Bittinger pleaded guilty to first-degree murder and criminal conspiracy in connection with the contract killing of his co-worker's wife in the Dauphin County Court of Common Pleas. *Id.* Bittinger was sentenced to a mandatory life sentence plus ten to twenty years in prison. *Id.* On direct appeal, the Pennsylvania Superior Court affirmed the judgment of sentence as to the first-degree murder conviction but remanded for resentencing as to the conspiracy conviction. *Commonwealth v. Bittinger*, 512 A.2d 49 (Pa. Super. Ct. 1986). The trial court resentenced Bittinger

to five to ten years imprisonment with respect to the conspiracy conviction on May 14, 1986. *See Bittinger*, 178 A.3d at 194. Bittinger appealed, and the Superior Court affirmed the judgment of sentence on October 31, 1986. *Commonwealth v. Bittinger*, 517 A.2d 1363 (Pa. Super. Ct. 1986).

On November 20, 1987, Bittinger filed a petition for collateral relief under Pennsylvania's Post-Conviction Hearing Act ("PCHA"), which has since been retitled the Post-Conviction Relief Act ("PCRA"). *See Bittinger*, 178 A.3d at 194. The PCHA court dismissed the petition on August 1, 1988, and the Superior Court affirmed on March 9, 1989. *Id.*

Bittinger filed a second petition for state collateral relief under the PCRA on March 28, 2016. *Id.* The court dismissed the petition as untimely on September 6, 2016. *Id.* Bittinger appealed, and the Superior Court affirmed on September 26, 2017. *Id.* Bittinger filed another PCRA petition on August 29, 2018, which was denied as untimely on September 18, 2018. *Commonwealth v. Bittinger*, 217 A.3d 427 (Pa. Super. Ct. 2019). The Superior Court affirmed the denial on May 22, 2019. *Id.*

Bittinger filed the instant petition for writ of habeas corpus on March 31, 2020, and the court received and docketed the petition on April 1, 2020. (Doc. No. 1.) Bittinger raises three grounds for habeas corpus relief in the petition: (1) that the judge who presided over his trial had previously prosecuted him as a district

attorney but declined to recuse himself from Bittinger's case; (2) that the government withheld evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963); and (3) that Bittinger's counsel was ineffective. (Doc. No. 1.) Respondents responded to the petition on July 24, 2020, arguing that the petition should be denied as untimely. (Doc. No. 10.)

## II. Discussion

Respondents are correct that Bittinger's petition is untimely. Petitions for writ of habeas corpus challenging state court convictions are subject to a one-year statute of limitations, which begins to run from the latest of:

> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The limitations period is tolled during the pendency of a "properly filed" application for post-conviction relief in state court. *Id.* ¶ 2244(d)(2). PCRA petitions that are dismissed as untimely are not "properly filed"

and do not toll the limitations period. *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005). The limitations period may also be tolled under the equitable tolling doctrine or the actual innocence exception, both of which must be established by petitioner. *See id.* at 418; *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013).

Here, the limitations period for Bittinger's petition began to run when his conviction became final in 1986.[1] The limitations period was tolled from November 20, 1987 to March 9, 1989 while his first petition for state collateral relief under the PCHA was pending. None of his subsequent PCRA petitions tolled the limitations period, as all of the petitions were untimely and thus not "properly filed." *Pace*, 544 U.S. at 417. His petition in this court was not filed until March 31, 2020, approximately thirty-one years after the statutory tolling period ended.

Bittinger is not entitled to equitable tolling of the limitations period. In order to equitably toll the limitations period, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *McQuiggin*, 569 U.S. at 391 (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). Here, Bittinger's only argument for equitable tolling is that the judge who presided over his criminal

---

[1] None of the other triggering events listed under 28 U.S.C. § 2244(d)(1) are applicable in this case.

trial had previously prosecuted him as a district attorney, which caused him prejudice as a criminal defendant. (*See* Doc. No. 1 at 13.) He does not explain, however, why he failed to raise this issue in federal court for over thirty years or why it prevented him from timely filing a federal habeas corpus petition.

Bittinger is also not entitled to the actual innocence exception to the limitations period, as he does not raise any actual innocence argument. *See McQuiggin*, 569 U.S. at 386 (noting that petitioner has the burden to establish actual innocence exception to statute of limitations). Accordingly, the court will deny the petition as untimely.

### III. Conclusion

For the foregoing reasons, Bittinger's petition for writ of habeas corpus will be denied with prejudice as untimely. A certificate of appealability will not issue because jurists of reason would not debate that Bittinger states a valid claim of a denial of a constitutional right or that the court's procedural ruling is incorrect. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). An appropriate order follows.

s/ Sylvia H. Rambo
United States District Judge

Dated: September 30, 2021